# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-31331
(Summary Calendar)

JOHNNY WADE HOWE,
Individually and on behalf of Courtney Howe,

Plaintiff-Appellant,

versus

SCOTTSDALE INSURANCE CO; ET AL,

Defendants,

versus

BURT A. BOWERS,

Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(96- CV- 450)

May 31, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johnny Wade Howe, individually and on behalf of Courtney Howe (collectively "Howe")

appeal the trial court's ruling that the discharged attorney previously representing Howe was not

discharged for cause and apportioning the attorney's fees as 30% to the discharged attorney, and 70%

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the attorneys perfecting the settlement. We agree with the district court's assessment and allocation, and affirm.

FACTS AND PROCEEDINGS

Burt A. Bowers was retained by Johnny Wade Howe in connection with injuries he received in an automobile accident on October 27, 1995 in Caddo Parish, Louisiana. As a result of the accident Howe suffered bodily injuries and property damage to his truck and to the lawn service equipment he was carrying in his truck at the time of the accident. On November 5, 1995 Howe signed a contingency fee contract with Bowers to represent him in his claim for damages arising out of the accident. The contract provided for a 33 1/3 % contingency fee.

Suit was originally filed in the First Judicial District Court in Caddo Parish, Louisiana, on behalf of Johnny Wade Howe, individually and as administrator of the estate of his minor child, Courtney Howe, against Gordon Ira Schlafman, General Motors Corporation and Scottsdale Insurance Company. On February 28, 1996, the defendants removed the suit to the United States District Court for the Western District of Louisiana.

On June 26, 1997, Howe received a draft in the amount of $3,400 for payment of the damages to his lawn equipment. He had already received payment from Allstate for the damages to his truck.

During the course of Bowers' representation of Howe, Scottsdale Insurance Company offered the policy limit of $100,000 to settle the case. The claim was not settled against Scottsdale because General Motors wanted a release from Gordon Ira Schlafman, where General Motors would stipulate that Mr. Schlafman was within the course and scope of his employment when his vehicle collided with Howe's. In December, 1997, General Motors offered an additional $20,000 making a total

settlement offer of $120,000.

Bowers had advised Howe to seriously consider settlement if he received an offer where he would clear $100,000. In preparing for trial, Bowers discovered that Howe had not filed tax returns in the 1990s for his landscaping business. He mailed Howe a newspaper article emphasizing how imperative it was for him to file his income tax returns for the 1990's and to make sure he accurately reflected his income. He advised Howe that his wage claim would be difficult to pursue without records in regards to income. Howe declined to see an accountant and psychologist as advised by Bowers, and did not continue his treatment at the pain clinic at the LSU Medical Center.

Bowers was in the process of associating attorney Francis M. Gowen, Jr., as additional counsel in the case to help with expert witness fees when Howe became dissatisfied with Bower's representation and discharged him. Howe met with a law firm who referred him to attorney Roland McKneely, who thereafter associated attorney Richard Snell. Howe signed a contingency fee contract with McKneely and Snell providing for a 40% fee of all sums received.

On January 12, 1999 the case was settled for the total sum of $250,000.00. It was agreed that the total attorney's fees payable by Howe is $100,000.00.

## DISCUSSION

We consider whether Bowers was discharged without just cause and secondly, how attorney's fees should be divided between current and former counsel. We review the district court's findings of fact for clear error and its legal determinations *de novo.* Fed.R.Civ.P. 52 (a); *See American River Trans. Co. v. Kavo Kaliakia SS*, 148 F.3d 446 (5th Cir. 1998).

Contingent fee contracts between attorneys and their clients are authorized by statute and recognized by the Louisiana Supreme Court. L.S.A.-R.S. 37:218; *Saucier v. Hayes Dairy Products,*

3

*Inc.*, 373 So.2d 102 (La. 1978); *O'Rourke v. Cairns*, 95-3054 (La. 11/25/96) 683 So.2d 697. The interpretation and application of such contracts, where contested by a litigant's current and former counsel seeking allocation of attorney's fees, has been definitively addressed.

In *Saucier v. Hayes Dairy Products, Inc.*, *supra* a litigant discharged his first attorney without just cause. Thereafter, the dismissed counsel intervened in his client's lawsuit seeking to recover attorney's fees as provided by the contingent fee contract executed by the former client. When subsequently engaged counsel settled the case, a dispute arose over the division of attorney's fees and competing contingent fee contracts. In ruling, the court pronounced the following standard:

> [T]he amount of the fee [is] to be determined according to the ethical contingency percentage to which the client contractually agreed in any of the contingency fee contracts which he executed. Further, that fee should in turn be allocated between or among the various attorneys involved in handling the claim in question, such fee apportionment to be on the basis of factors which are set for the in the Code of Professional Responsibility.

*Saucier*, 373 So.2d at 118. The "factors" referred to in the court's opinion are embodied in Rule 1.5 of the Rules of Professional Conduct. [1] The Louisiana Supreme Court in *O'Rourke v. Cairns*, 683 So.2d 697 (La. 1996) reviewed the methods of compensation for an attorney discharged with and without cause, applying the *Saucier* factors.

---

[1] Rule 1.5 provides the factors to be considered in determining a reasonable attorney's fee:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and,
(8) Whether the fee is fixed or contingent.

Howe argues at length that Bowers' representation of him was deficient. After a close reading of the briefs and upon a review of the record, we disagree. Howe's repeated conduct of neglecting various duties to build his case frustrated his own representation. Moreover Howe admitted that he never discussed his dissatisfaction with Bowers and that Bowers kept him informed of what was going on in the case. Thus, we agree with the district court's factual determination that Bowers was discharged without cause.

Howe had contingency arrangements with all attorneys involved, the highest of which was 40%. The parties agreed that the total attorney's fee to be apportioned was $100,000.00. Applying the *Saucier* factors to the case at bar, reveals that the district court, fashioned an appropriate and reasonable distribution; allotting 70% to McKneely and Snell and 30% to Bowers.

CONCLUSION

We conclude that the district court correctly found Mr. Bowers was discharged without cause. We further find that the district court correctly applied the law and appropriately distributed attorney's fees.

AFFIRMED.